UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMIA IBRAHIM as Attorney-in-Fact for
MARIAM IBRAHIM, and KIROLLOS IBRAHIM,

                            Plaintiffs,                             **COMPLAINT**

            - against -

EGYPT AIR CORPORATION - NEW YORK OFFICE,

                            Defendant.
------------------------------------------------------------x

The plaintiffs, by their attorney CHARLES C. DESTEFANO, complaining of the defendant, alleges as follows:

PARTIES AND JURISDICTION

1. The plaintiffs, MARIAM IBRAHIM and KIROLLOS IBRAHIM, at the time of the institution of this action, were residents of the Country of Egypt. The Plaintiff, SAMIA IBRAHIM is acting as Attorney-in-Fact for plaintiff MARIAM IBRAHIM pursuant to a Power of Attorney executed by plaintiff MARIAM IBRAHIM. The Plaintiff, SAMIA IBRAHIM, at the time of the institution of this action was a resident of the County of Kings, City and State of New York.

2. That at all times hereinafter mentioned, Plaintiff MARIAM IBRAHIM was and still is the lawful wife of plaintiff, KIROLLOS IBRAHIM.  That at all times hereinafter mentioned, plaintiff KIROLLOS IBRAHIM was and still is the lawful husband of plaintiff MARIAM IBRAHIM.

3. The defendant EGYPT AIR CORPORATION - NEW YORK OFFICE, (hereinafter "EGYPT AIR"), is a foreign business corporation, organized and existing pursuant to the laws of

Egypt, and conducts business in the United States through its office at 720 Fifth Avenue, New York New York 10019.

4. Jurisdiction over the claim against EGYPT AIR is based upon the Warsaw Convention, Article 28 (1); Title 49, United States Code, § 1502 and U.S.C.A. Const. Art. 6, cl.2.

5. Venue is proper pursuant to 28 U.S.C. §§1391 and 1603 in that defendant is an agency and instrumentality of a foreign state and resides and conducts business in this district.

## JURY DEMAND

6. Plaintiff demands that a jury be convened for a trial of this matter.

## FACTUAL ALLEGATIONS - COUNT ONE

7. That on or about the 18th day of February, 2007, the defendant EGYPT AIR was an international common carrier in the business of transporting passengers for hire in connection with which it operated flight 986 from Egypt to JFK Airport, (hereinafter "JFK") in New York.

8. On February 18, 2007, plaintiffs MARIAM IBRAHIM and KIROLLOS IBRAHIM were fare paying passengers on Egypt Air flight 986 (hereinafter "the flight") from Egypt to JFK.

9. During the course of the flight and approximately one and a half hours prior to landing, plaintiff KIROLLOS IBRAHIM noticed that his wife's mouth was drooping and that she was unresponsive.  The flight crew was notified of plaintiff's condition and a fellow passenger who identified himself as a physician administered oxygen to plaintiff for the duration of the flight.

10. At no time did defendant notify JFK that there was a medical emergency on board, nor did they request that an ambulance or medical crew meet the flight upon its arrival.

11. Plaintiff SAMIA IBRAHIM, daughter of plaintiffs,  MARIAM IBRAHIM and KIROLLOS IBRAHIM, was waiting at JFK to pick up her parents. After landing at JFK, the aircraft remained on the runway approximately 20-30 minutes before disembarking passengers.

12. Plaintiff SAMIA IBRAHIM received a call on her cell phone from a man identified as an Egypt Air employee who advised her that her mother had gotten sick on the flight and that she would be arriving at Exit Terminal 4 in a wheelchair.

13. As plaintiff SAMIA IBRAHIM waited for her parents, she asked five different members of the flight and cabin crew about her mother's condition and was told by each of them that she was "doing very good".

14. When plaintiff MARIAM IBRAHIM was brought to her daughter, approximately one half hour later, she was holding her right arm with her left hand, her mouth was drooped to the right side and she was unresponsive and unable to communicate.

15. Upon seeing her mother's condition, Plaintiff SAMIA IBRAHIM asked several airport employees for help. She could not leave because her father KIROLLOS IBRAHIM, who is elderly and also in need of wheelchair assistance, had not been transported to meet his family. Fifteen minutes after plaintiff MARIAM IBRAHIM was brought to SAMIA IBRAHIM, KIROLLOS IBRAHIM was brought to his waiting family.

16. Plaintiff SAMIA IBRAHIM finally found Port Authority Police officers who upon seeing plaintiff MARIAM IBRAHIM's condition, called an ambulance.

17. Upon arrival at Jamaica Hospital, plaintiffs were advised that plaintiff MARIAM IBRAHIM had suffered a stroke resulting in right hemi parathesias, brain damage and an inability to speak. They were further advised that the delay in getting medical treatment exacerbated the severity of the effects of the stroke.

18. The failure of defendant EGYPT AIR to provide proper medical attention and follow airline protocol in an emergency situation while in flight constituted an "accident" within the meaning of Article 17 of the Warsaw Convention.

19. The accident and resultant injuries, as complained of, were a direct and proximate result of defendant EGYPT AIR's negligent ownership, operation, control, equipping and supervision of said civil aircraft, including defendant EGYPT AIR's recklessness, wantonness and wilful misconduct in failing to properly and adequately staff its commercial aircraft with capable, competent and complete cabin and flight crew and failing to properly supervise the condition of its passengers on board the flight.

20. As a direct and proximate cause of the acts and/or omissions of defendant EGYPT AIR, including its gross, wanton and wilful misconduct, plaintiff MARIAM IBRAHIM was rendered sick, lame and disabled; suffered, still suffers, and will continue to suffer for some time to come from great physical and mental pain; permanent bodily injuries and nervous shock; has expended, and will in the future be required to expend, great and considerable sums of money for hospital, medical care and treatment; and was incapacitated from attending to her usual duties.

21. Plaintiffs were not negligent and did not contribute in any way to the acts, omissions and/or injuries complained of.

22. By reason of the foregoing, plaintiff MARIAM IBRAHIM has been damaged in the sum of TEN MILLION ($10,000,000) DOLLARS.

FACTUAL ALLEGATIONS - COUNT TWO

23. Repeats and re-alleges paragraphs numbered "1" through "22" of the complaint herein with the same force and effect as though here recited in full.

24. The failure of Egypt Air to provide medical attention and contact emergency medical service providers while the aircraft was on the ground and after the plaintiffs had disembarked from the aircraft and were in the terminal, constituted negligence.

25. As a direct and proximate cause of the acts and/or omissions of defendant EGYPT AIR, while the aircraft was on the ground and after the passengers had disembarked from the aircraft and were in the terminal, plaintiff MARIAM IBRAHIM was rendered sick, lame and disabled; suffered, still suffers, and will continue to suffer for sometime to come from great physical and mental pain; permanent bodily injuries and nervous shock; has expended, and will in the future be required to expend, great and considerable sums of money for hospital, medical care and treatment; and was incapacitated from attending to her usual duties.

26. Plaintiffs were not negligent and did not contribute in any way to the acts, omissions and/or injuries complained of.

27. By reason of the foregoing, plaintiff MARIAM IBRAHIM has been damaged in the sum of TEN MILLION ($10,000,000) DOLLARS.

## FACTUAL ALLEGATIONS - COUNT THREE

28. Repeats and re-alleges paragraphs numbered "1" through "27" of the complaint herein with the same force and effect as though here recited in full.

29. That at all times hereinafter mentioned, the plaintiff, KIROLLOS IBRAHIM was and still continues to be the spouse of the plaintiff, MARIAM IBRAHIM, and resides with her in the Country of Egypt.

30. That prior to February 18, 20073, the plaintiff, MARIAM IBRAHIM, was in good health and fully capable of performing the usual duties of a wife.

31. That by reason of the negligence and carelessness of the defendant herein, the plaintiff, MARIAM IBRAHIM, suffered great bodily injury as a result of the aforementioned accident as a result of which the plaintiff, KIROLLOS IBRAHIM has been caused to expend or become liable for great sums of money for medical care and drugs to cure his wife of the

injuries sustained by her as a result of the aforesaid and has lost the services, companionship, and consortium of his wife for a considerable period of time, all to his damage in the sum of FIVE MILLION DOLLARS, ($5, 000,000).

**WHEREFORE,** plaintiff, MARIAM IBRAHIM demands judgment against the defendants on the First and Second Causes of Action in the sum of TEN MILLION DOLLARS ($10,000,000) and plaintiff, KIROLLOS IBRAHIM demands judgment against the defendants on the Third Cause of Action in the sum of FIVE MILLION DOLLARS ($5,000,000), together with the costs and disbursements of this action.

Dated:  Staten Island, New York

_____
CHARLES C. DESTEFANO (CD0150)
Attorney for Plaintiff
1082 Victory Boulevard
Staten Island, New York 10301
(718) 390-0580

To:   Egypt Air Corporation - New York Office
      720 Fifth Avenue
      New York NY 10019