UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMIA IBRAHIM as Attorney-in-Fact for
MIRIAM IBRAHIM and KIROLLOS IBRAHIM,

                        Plaintiffs,                      07 Civ. 9567 (SHS)

      -against-                                        ANSWER

EGYPT AIR CORPORATION – NEW YORK
OFFICE,

                        Defendant.
------------------------------------------------------------X

       Defendant EGYPTAIR (incorrectly sued herein as "EGYPT AIR CORPORATION – NEW YORK OFFICE" and hereinafter "EGYPTAIR"), by its attorneys Clyde & Co US LLP, answers plaintiffs' Complaint as follows:

### PARTIES AND JURISDICTION

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 2 of the Complaint.

       2.     Denies the allegations contained in paragraph 3 of the Complaint except admits that EGYPTAIR is organized under the laws of the Arab Republic of Egypt, and is authorized to and conducts business in the State of New York.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 and 5 of the Complaint, and refers all questions of law to the Court.

### JURY DEMAND

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and refers all questions of law to the Court, except states that plaintiffs are not entitled to a jury trial in this matter

because EGYPTAIR is a "foreign state" as that term is defined in 28 U.S.C. § 1603 and, therefore, is entitled to all rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Pub. L. 94-853, 90 Stat. 2891 *codified* at 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d) and 1602-1611 and the federal statutes enacted pursuant to the FSIA.

## FACTUAL ALLEGATIONS – COUNT ONE

5.  Denies the allegations contained in paragraphs 7 and 8 of the Complaint except admits that EGYPTAIR is engaged in the international carriage by air of persons, cargo and baggage, and that a "Maryam Ibrahim" and "Kirollos Ibrahim" were ticketed as passengers on Egyptair flight No. 985 from Cairo to New York on February 18, 2007.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the Complaint.

7.  Denies the allegations contained in paragraphs 18, 19, 20, 21 and 22 of the Complaint.

## FACTUAL ALLEGATIONS – COUNT TWO

8.  Answering paragraph 23 of the Complaint, EGYPTAIR repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 7 of this Answer as if set forth in full herein.

9.  Denies the allegations contained in paragraphs 24, 25, 26 and 27 of the Complaint.

## FACTUAL ALLEGATIONS – COUNT THREE

10. Answering paragraph 28 of the Complaint, EGYPTAIR repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 9 of this Answer as if set forth in full herein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 29 and 30.

12. Denies the allegations contained in paragraph 31 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim against defendant EGYPTAIR upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. EGYPTAIR is a "foreign state" as that term is defined in 28 U.S.C. § 1603 and, therefore, is entitled to all rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Pub. L. 94-853, 90 Stat. 2891 *codified* at 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d) and 1602-1611 and the federal statutes enacted pursuant to the FSIA.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. The Complaint should be dismissed because EGYPTAIR is immune from suit pursuant to the FSIA.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

16. The Complaint should be dismissed for improper service of process because the Complaint was not served in accordance with the requirements of the FSIA.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

17. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Warsaw Convention as amended at The Hague, 1955, and by Protocol No. 4 of Montreal, 1975, reprinted in S. Exec. No. 105-20 pp. 21-32 (1998) ("Warsaw/MP4"), or within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention") and the rights of the parties to this litigation are governed by the provisions of Warsaw/MP4 or the Montreal Convention.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

18. The liability of EGYPTAIR, if any, is limited in accordance with the provisions of Articles 21 and 22 of Warsaw/MP4 or Article 21 of the Montreal Convention, and EGYPTAIR's condition of carriage and tariffs.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

19.     Defendant EGYPTAIR is not liable for plaintiffs' alleged injuries where the injuries were not caused by an "accident" within the meaning of Article 17 of Warsaw/MP4 or Article 17 of the Montreal Convention.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

20.     Pursuant to Article 20 of the Montreal Convention, EGYPTAIR shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint where the alleged loss or damage was caused or contributed to by the negligence of the plaintiffs or their agents.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

21.     The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

22.     Plaintiffs' state law claims are completely preempted by Warsaw/MP4 or the Montreal Convention. *See El Al Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999).

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

23.     Plaintiffs' claims against EGYPTAIR are preempted by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-276, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 *et seq.* now recodified and incorporated into 49 U.S.C. § 40101 *et seq.*), and 49 U.S.C. § 41713.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

24.     Pursuant to Article 28 of Warsaw/MP4 or Article 33 of the Montreal Convention, this Court lacks treaty jurisdiction and therefore lacks subject matter jurisdiction over the claims asserted by plaintiffs in this action as against EGYPTAIR.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

25.     If EGYPTAIR is liable to the Plaintiffs, which liability EGYPTAIR expressly denies, then EGYPTAIR is entitled to a setoff for all settlements/benefits received by the Plaintiffs.

## AS AND FOR FOURTEENTH
## AFFIRMATIVE DEFENSE

26.     The damages complained of were not proximately caused by any negligence or culpable conduct on the part of EGYPTAIR.

## AS AND FOR A FIFTEENTH
## AFFIRMATIVE DEFENSE

27.     The injuries allegedly sustained by plaintiff were caused or contributed to by plaintiffs' own negligence or culpable conduct and EGYPTAIR is, therefore, not liable to plaintiffs, or alternatively, EGYPTAIR's liability to plaintiffs is partial only and should be reduced in accordance with the applicable law.

## AS AND FOR A SIXTEENTH
## AFFIRMATIVE DEFENSE

28. The damages allegedly sustained by plaintiffs were caused by the direct and proximate negligence of other parties, their agents or employees, or by others unknown at this time over whom EGYPTAIR had no control at any time relevant hereto, and in the event EGYPTAIR is found to be liable to the plaintiffs, which liability is expressly denied, EGYPTAIR will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## AS AND FOR A SEVENTEENTH
## AFFIRMATIVE DEFENSE

29. Plaintiffs' damages if any, were caused and brought about by an intervening and superseding cause and were not caused by EGYPTAIR, or by a person or entity for whom defendant EGYPTAIR is responsible.

## AS AND FOR AN EIGHTEENTH
## AFFIRMATIVE DEFENSE

30. Plaintiffs assumed the risk of their injuries and on that account EGYPTAIR is not liable to plaintiffs.

## AS AND FOR A NINETEENTH
## AFFIRMATIVE DEFENSE

31. Any damages awarded to plaintiffs must be reduced by the amount of any collateral source including, but not limited to, insurance, social security, workers' compensation or employee benefit programs or any of their equivalents, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

## AS AND FOR A TWENTIETH
## AFFIRMATIVE DEFENSE

32. That if plaintiffs have received renumeration and or compensation for some or all of their claimed economic loss, or will with reasonable certainty receive renumeration and/or compensation for said loss in the future, this defendant is entitled to have plaintiffs' award, if any, reduced by the amount of said renumeration and/or compensation.

## AS AND FOR A TWENTY-FIRST
## AFFIRMATIVE DEFENSE

33. Pursuant to its Condition of Carriage set forth in the relevant contract of transportation, EGYPTAIR is not liable to plaintiffs or, alternatively; EGYPTAIR's liability is limited.

## AS AND FOR A TWENTY-SECOND
## AFFIRMATIVE DEFENSE

34. EGYPTAIR has performed all of the terms and conditions of the contract which were to be performed by EGYPTAIR, in accordance with such terms and conditions of the contract.

## AS AND FOR A TWENTY-THIRD
## AFFIRMATIVE DEFENSE

35. Plaintiffs have failed to mitigate their losses, if any. Accordingly, plaintiffs are barred in whole or in part from any recovery.

## AS AND FOR A TWENTY-FOURTH
## AFFIRMATIVE DEFENSE

36. EGYPTAIR is not liable to plaintiff because EGYPTAIR complied with all relevant governmental regulations of the United States.

## NOTICE OF FOREIGN LAW

37. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, EGYPTAIR hereby provides notice that it intends to raise an issue concerning the law of the Arab Republic of Egypt in this litigation.

**WHEREFORE**, defendant EGYPTAIR demands judgment in its favor against the Plaintiffs, including costs, fees, and all other such relief as the Court deems just and proper.

Dated: New York, New York
November 27, 2007

Yours, etc.,

CLYDE & CO US LLP

By: _____
Christopher Carlsen
Attorneys for Defendant
EGYPTAIR
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

To:   Charles C. Destefano
Attorney for Plaintiffs
1082 Victory Boulevard
Staten Island, New York 10301
(718) 390-0580

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Mariana Nannarone, being duly sworn, deposes and says that deponent is not a party of this action, is over 18 years of age and resides in Brooklyn, New York. On November 27, 2007 deponent served the within **ANSWER** upon:

Charles C. Destefano
Attorney for Plaintiffs
1082 Victory Boulevard
Staten Island, New York 10301
(718) 390-0580

The address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Mariana Nannarone

Sworn to before me this
27th day of November, 2007

_____
Notary Public

PATRICIA A. DONNELLY
Notary Public, State of New York
No. 01DO5087441
Qualified in New York County
Commission Expires Nov. 30, 2009